UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x



MONICA FEASTER, individually and as mother and
natural guardian of B.S., B.S., K.S., and HENRY
SMALLS, SR., as father and natural guardian of H.S.,

Plaintiffs,

**COMPLAINT**

-against-

<u>Jury Trial Demanded</u>

THE CITY OF NEW YORK, POLICE OFFICER CARL
ACHILLE (SHIELD #04262), POLICE OFFICER
JANKOWSKI, POLICE OFFICERS JOHN DOE 1-10.

Defendants.

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action, alleging that the City of New York and several
New York City Police Officers violated plaintiffs' rights under 42 U.S.C. § 1983, the Fourth,
Sixth and Fourteenth Amendments to the United States Constitution and the laws of the State of
New York. Specifically, plaintiffs allege that, on April 27, 2010, defendants falsely arrested Ms.
Feaster and the four minor children in her care, negligently and intentionally inflicted emotional
distress on Ms. Feaster and the children, employed excessive force with respect to her and made
false allegations about her to the New York County District Attorney's Office. Plaintiffs seek
compensatory and punitive damages, attorneys' fees and costs, and such other and further relief
as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth, Sixth and
Fourteenth Amendments to the United States Constitution, and the laws of the State of New
York. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 and 1367.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4.      Plaintiff Feaster ("Ms. Feaster") is a resident of the State of New York who lives in Manhattan. Ms. Feaster is a college graduate who is working towards a master's degree.

5.      Plaintiff B.S. is an infant who lives with his mother.

6.      Plaintiff B.S. is an infant who lives with her mother.

7.      Plaintiff K.J. is an infant who lives with her mother.

8.      Plaintiff H.S. is an infant who lives with his father.

9.      The City of New York is a municipal corporation organized under the laws of the State of New York.

10.      Police Officers ACHILLE, JANKOWSKI and JOHN DOE 1-10 are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Jankowski and the Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11.      On April 27, 2010, at approximately 6:00 p.m. in the vicinity of Lexington Avenue and East 95th Street in Manhattan, Ms. Feaster was in her car with her four young children, ages 4, 4, 12, and 13, on their way to shop at Best Buy on East 86th Street.

2

12.     Ms. Feaster was instructed to pull over by New York City Police Officers in an unmarked patrol car and asked for her license and registration.

13.     When Ms. Feaster asked why she had been pulled over, the officers verbally abused Ms. Feaster, banged on her window, threatened that her children would be placed in foster care if she refused their commands and summoned approximately five additional patrol cars.

14.     Ms. Feaster dialed 911 and asked to be connected with the NYPD Internal Affairs Bureau ("IAB"), but was told merely that she was required to comply with the officers' orders.

15.     After Ms. Feaster handed over her valid license and registration, she was commanded to exit the vehicle. Five officers surrounded the car, each trying to pull down Ms. Feaster's car windows.

16.     All four children were fearful, and the four year old plaintiffs were crying.

17.     A sergeant informed Ms. Feaster that he had called in the Emergency Services Unit ("ESU") to cut the door off her car.

18.     Fearful that the ESU operation might harm her children, Ms. Feaster unlocked her door, at which point she was bodily dragged from her car and thrown against it.

19.     Ms. Feaster and her children were transported to the 23rd Precinct, where she was placed under arrest.

20.     Ms. Feaster was handcuffed to a wall. When she requested that her cuffs be loosened, Defendant Jankowski said "You want me to loosen them?" and instead tightened the cuffs.

3

21.     When Ms. Feaster asked to see her children or to make a telephone call, she was told repeatedly "Shut the fuck up."

22.     While plaintiff was incarcerated in the precinct, Achille, pursuant to a conspiracy with other officers involved in Ms. Feaster's arrest, prepared police reports which falsely stated that she had committed obstructing governmental administration, disorderly conduct, and child endangerment, along with traffic infractions.

23.     Ms. Feaster was transported to Central Booking at midnight and arraigned in New York County Criminal Court at 3 p.m. on April 28, 2010, on charges of disorderly conduct, obstructing governmental administration, and child endangerment.

24.     Ms. Feaster was released on her own recognizance, returned to court on June 23, and accepted an adjournment in contemplation of dismissal.

25.     As a result of the arrest, Ms. Feaster was investigated by the Administration for Children's Services ("A.C.S.").

26.     As a result of the arrest, Ms. Feaster's license to substitute teach in the New York City schools was suspended.

27.     As a result of the incident, Ms. Feaster is currently under the treatment of a therapist.

28.     As a result of the incident, the plaintiffs were deprived of their liberty and she and the four minor plaintiffs suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation.

29.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon Defendants at the Comptroller's office at 1 Centre Street, New York, New York.

30.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

31.    This action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

## FIRST CLAIM

### (FOURTH AMENDMENT – FALSE ARREST)

32.    Plaintiffs repeat the foregoing allegations.

33.    No officer observed Ms. Feaster or any of the four minor children plaintiffs commit a crime on April 28, 2010.

34.    At no time on April 28, 2010, did any plaintiff commit a crime.

35.    All plaintiffs were aware of their confinement and did not consent to it.

36.    Other defendant officers were aware of the unlawful arrest and failed to intervene, as they were legally required to do.

37.    Accordingly, defendants violated the Fourth Amendment to the United State Constitution because they arrested and/or confined plaintiffs without probable cause.

## SECOND CLAIM

### (FOURTH AMENDMENT -
### UNREASONABLE FORCE)

38.    Plaintiffs repeat the foregoing allegations.

39.    In the course of arresting Ms. Feaster and imprisoning her at the 23rd Precinct, defendant officers handcuffed her in an unreasonably tight manner.

40.    This use of force was objectively unreasonable.

41.    Other defendants were aware of the officers' unreasonable use of force and failed to intervene as they are legally required to do.

5

42.    Ms. Feaster suffered pain, discomfort and bodily injury as a result of the use of excessive force.

43.    Accordingly, defendants violated the Forth Amendment because they used unreasonable force on Ms. Feaster.

## THIRD CLAIM

### (SIXTH AMENDMENT - FABRICATION OF EVIDENCE)

37.    Plaintiffs repeat the foregoing allegations.

38.    Defendants, pursuant to a conspiracy, falsely stated to the New York County District Attorney's Office that Ms. Feaster had committed crimes.

39.    Accordingly, defendants violated the Sixth Amendment for fabricating evidence against her and denying her a fair trial.

## FOURTH CLAIM

### (MONELL CLAIM)

40.    Plaintiffs repeat the foregoing allegations.

41.    The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Ms. Feaster.

42.    Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## FIFTH CLAIM

### (STATE LAW – FALSE ARREST)

43.    Plaintiffs repeat the foregoing allegations.

6

44.    No officer observed Ms. Feaster or any of the four minor children plaintiffs commit a crime on April 28, 2010.

45.    At no time on April 28, 2010, did any plaintiff commit a crime.

46.    All plaintiffs were aware of their confinement and did not consent to it.

47.    Accordingly, defendants are liable for having committed false arrest under the laws of the State of New York because they arrested and/or confined plaintiffs without probable cause.

## SIXTH CLAIM

## (STATE LAW – ASSAULT AND BATTERY)

48.    Plaintiffs repeat the foregoing allegations.

49.    By their conduct, defendants assaulted and battered Ms. Feaster by employing more force than was necessary under the circumstances.

50.    By their conduct, defendants are liable for assault and battery under the laws of the State of New York.

## SEVENTH CLAIM

## (STATE LAW – INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS)

51.    Plaintiffs repeat the foregoing allegations.

52.    Defendant officers engaged in extreme and outrageous conduct with intent to cause severe emotional distress, and in fact caused such severe emotional distress with respect to all plaintiffs.

53.    Plaintiffs are liable for committing intentional infliction of emotional distress under the laws of State of New York.

7

## EIGHTH CLAIM

## (STATE LAW – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

54.    Plaintiffs repeat the foregoing allegations.

55.    Defendant officers engaged in extreme and outrageous conduct that they reasonably should have known would cause severe emotional distress, and in fact caused such severe emotional distress with respect to all plaintiffs.

56.    Plaintiffs are liable for committing negligent infliction of emotional distress under the laws of State of New York.


WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as the Court may deem just and proper.

DATED:    May 4, 2011

New York, New York

ROBERT MARINELLI
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

8